United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ELDRIDGE MURPHY, (TDCJ # 02378001), | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-5756 |
| ERIC GUERRERO, | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, John Eldridge Murphy, (TDCJ #02378001), is an inmate in custody of the Texas Department of Criminal Justice–Correctional Institutions Division. He has filed a petition, apparently under 28 U.S.C. § 2254, challenging his state-court judgment of conviction. (Dkt. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Murphy's petition, all matters of record, and the law, the Court dismisses his petition for the reason explained below.

## I. BACKGROUND

Murphy is currently incarcerated based on a conviction for assault on a family or household member by one with previous convictions. *See* Inmate Search,

www.tdcj.texas.gov (visited Aug. 1, 2026). He has filed a pleading titled as a "petition," in which he seeks "Redress for Improper Conditions of Confinement, to Challenge the Legality of Confinement under 14th and 5th Amendment Due Process Clauses." (Dkt. 1, p. 1). His allegations are difficult to decipher, but he generally alleges that he was arrested for assault and domestic violence in two separate cases, but that the arrests were untimely under Texas law. (*Id.* at 2). He also seems to allege that he was arrested for violating a protective order that had expired. (*Id.*). He asserts that he is innocent of those charges and therefore his current detention, which is based in part on those convictions, constitutes "terrorism." (*Id.* at 3). As relief, he seeks his immediate release from TDCJ custody. (*Id.* at 1).

## II. DISCUSSION

### A. Habeas Corpus Claims

Murphy's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333–34 (2010)). However, to file a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping

requirements." *Id.* A prisoner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Id.* (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

Court records show that Murphy filed a previous petition for writ of habeas corpus, which was denied on its merits. *See Murphy v. Guerrero*, No. 4:24-cv-1262 (S.D. Tex. Dec. 2, 2025). Review of that petition shows that it raised the same claims concerning the validity of his underlying convictions and their effect on his current conviction that are raised in this petition. Thus, because Murphy has challenged this same conviction in a previous federal habeas corpus petition and because the same issues he raises here were also raised in that petition, his current petition is successive. He must therefore seek authorization from the Fifth Circuit before this Court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no record of an order from the Fifth Circuit authorizing Murphy to file a successive petition, and he has not alerted the Court to the existence of such an order. Because Murphy has not obtained such authorization, his current petition must be dismissed as successive.

## B. Civil-Rights Claims

In addition to his claims challenging the validity of his conviction and sentence, Murphy briefly states that TDCJ officials are denying him access to the courts, denying him due process, and violating his equal protection rights. (Dkt. 1, p. 3). He alleges no facts in support of these claims, and the only relief he seeks for these alleged violations is release from confinement.

Federal law provides two distinct avenues for relief for claims of unconstitutional treatment at the hands of state officials: a petition for a writ of habeas corpus seeking release from custody, and a civil-rights action seeking equitable or monetary relief. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see also Heck v. Humphrey*, 512 U.S. 477, 480 (1994). Both types of proceedings "provide a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation." *Heck*, 512 U.S. at 480. Habeas corpus petitions challenge the validity of a conviction or sentence and are "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Civil-rights actions challenge the conditions of confinement and seek either injunctive relief to end the condition or money damages to compensate for the violations. *Muhammad*, 540 U.S. at 750 (citing *Preiser*, 411 U.S. at 500). Unconstitutional conditions of confinement, no

matter how serious they may be, do not warrant release from custody. *See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (per curiam).

Murphy alleges no facts to support what appear to be claims for denial of access to the courts, due process violations, and violations of the Equal Protection Clause. Further, those claims, such as they are, challenge the conditions of his confinement rather than its fact or duration. They must therefore be raised in a civil-rights action under §1983 rather than a petition for writ of habeas corpus seeking release. These claims are improperly raised in this action and will be dismissed. Such dismissal is without prejudice to Murphy bringing these claims in a separate civil-rights action should he wish to pursue one.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000)). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Murphy has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Murphy's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice as successive.

2. Murphy's claims appearing to seek release based on conditions of confinement are **DISMISSED** without prejudice to him pursuing them in a separate action under 42 U.S.C. § 1983.

3. Any pending motions are **DENIED as moot**.

4. A certificate of appealability is **DENIED.**

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on Aug 3, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE